Bu the Court.
This is a motion of the plaintiff for a venire, in order that the cause which has been tried by a jury below, should be re-tried by another jury in this Court. It is admitted that the power to issue the venire, is not expressly given b^ any of the judiciary laws. But it is contended, that, as the constitution has declared that this Court shall have appellate jurisdiction in all civil cases where the matter in dispute exceeds the value of three hundred dollars, this appellate power must be exercised here, in its greatest extent. In favor of the motion of the plaintiff we are referred to the practice of appeal in the late Territory of Orleans, where a re-examination of facts, by a second jury, was permitted. And hence it is inferred, that the makers of the constitution must have had this mode of exercising the appellate power, in contemplation, w hen they provided for the establishment of this Court.
In answer it is said, that the appellate jurisdiction must *10 be regulated by law—that the Supreme Court of the United States will exercise it only as prescribed and limited by the several acts of Con-gross. To this it is replied, that the provision in the constitution of this State, is different from the one contained in that of the United States; it being declared in the latter instrument, that the appellate power shall be subject to such exceptions and regulations as Congress may prescribe. It is contended that the omission of these words in our State constitution, was intended to prevent the Legislature from any limitation of the appellate jurisdiction here.
East. District.
April 1813.
To arrive at a correct decision of the question-, it becomes necessary to ascertain clearly what is intended by appellate jurisdiction. A technical sense has been affixed to it, and it is generally used in reference to the practice of the civil law ; but it is known to professional gentlemen, that even in countries whose jurisprudence is founded upon the imperial code, the appellate jurisdiction varies in the different States where it is exercised. Thus the Roman code prescribes one mode, the Spanish another, and the French a third. In England, appeals are conducted in a manner different from the countries of the Continent, and differently in its several Courts. In some countries, appeals go in all cases, whether criminal or civil; in others, in civil cases only. In the Courts of the United States there are no appeals in err- *11 minal cases. An appeal in the New-England States, is not understood m the same sense as it is in the southern. Thus, we are informed by the celebrated author of the Federalist, that an appeal from one jury to another, is familiar both in language and practice, in New-England, and is a matter of course until there have been two ver-diets on one side. This, he observes, shews the impropriety of a technical interpretation derived from the jurisdiction of a particular State. The expression, taken in the alostract, denotes nothing more than the power of one tribunal to review the proceedings of another, either as to law or fact, or both ; the mode of doing it may depend on ancient custom, or legislative provision. In a new government, it must depend on the latter, and be with or without a jury, as may be judged advisable. When we recollect that the late Convention was composed partly of the old inhabitants of Louisiana, and partly of Americans from the U. States, we may readily conceive that they were all convinced of the necessity of a Supreme Court of review; but we can hardly imagine that there was any general understanding, or any precise idea of the manner in which that power was to be exercised; the have, therefore, only used the general term, appellate jurisdiction ; leaving it to the Legislatures which should succeed, to prescribe the jurisdiction, within the meaning of the constitution, and to regulate the mode of proceeding.
*12 The only constitutional provision is, that it shall not be exercised in cases under three hundred dollars ; and confines it, perhaps, (but which we do not decide) to civil cases : see post, Laverty vs. Duplessis. With respect to the argument drawn from the express declaration of the federal constitution, that the appellate power shall be subject to such regulations and exceptions, as shall be made by Congress, we do not perceive its force. It is the opinion of the Court, that the Legislature would possess the power without any such declaration.
The organizing of Courts conformably to the provisions of the constitution, is believed by us to be a rightful exercise of legislative powers. We reserve to ourselves the authority to declare null any legislative act which shall be repugnant to the constitution ; but it must be manifestly so, not susceptible of doubt. We find nothing-in violation of the constitution in the acts regulating the appellate jurisdiction of this Court.
If it be any advantage to the citizen to have the facts of his case reviewed and examined a second time, the Inferior Court has ample means of affording it, if any good reason be assigned. Is it not sufficient that after having the facts ascertained below, that the law shall be settled above ? What becomes of the boasted advantages of a Supreme Court of appeal, if a jury is to be had in almost every case before it ? It has been said that the great *13 benefit of a Supreme appellate Court, is to settle the law—to fix the great rules of property : but how, we ask, is this to be done, if it must depend on the caprice, ignorance, or information of a jury ? Much as every man must be convinced of the necessity of the appellate power, as contemplated by the constitution and the laws, the introduction of juries into the tribunals of the last resort, can. have no other tendency than to render every thing: unsettled. This, and whatever is calculated tor give an unrestrained course to appeals, must be considered as a source of great mischief; the inhabitants of this country, so far from regarding it as a blessing, would justly consider it as a curse.
By a reference to the different clauses of the. acts, it will be found that they extend to the citizen ail the advantages which a well constituted Court of appellate jurisdiction is calculated to effect.
By the 10th sect, of the first law it is declared, that on the return of the proceedings into the Supreme Court, the adverse party may appear and deny any error in the judgment below, whereupon the Court shall proceed to bear the said, appeal, on the pleadings and documents so transmitted. Here, there is a security for a decision of the Supreme Court, upon any question of law which may present itself on the record. Should there have been an issue of law below,, it will *14 appear upon the transcript, and the Supreme Court must pronounce upon the correctness of the judgment of the Inferior Court. So on a plea to the jurisdiction, or any other question of law which is sent up on the record.
By the 11th sect., if tire Court below have, erred in the law on a special verdict or statement of facts, they will be presented again to the Court above, and the law arising from those facts will be there decided.
There is no question of law which may arise, during the trial of a cause, which may not be reviewed by this Court.
By the 17th sect, of the supplementary law it is declared, that whenever on a trial of any suit in any Inferior Court, the party or his counsel shall desire the opinion of the Court on any question of law arising in the course of the trial, it shall be the duty of the Court to give such opinion, and either party may except, and the exception shall be entered, and so much of the testimony shall be taken as may be necessary to a final understanding of such opinion and exception ; and the same shall on appeal be sort up with the other proceedings in the case. Thus, should improper testimony be admitted, or proper testimony be rejected—or should the Judge below have erred in his charge to the jury, (which he is compelled to give on the request of either party) the mistakes of the Court below will be corrected by this tribunal.
*15 Br the 18th sect. , the cause may be remanded for a new trial, and instructions will accompany it, directing the inferior Judge in what manner to ° proceed. What can the citizen desire more than to have the facts of his case found by a jury, and any possible point of law that may arise during the trial, settled by the Supreme judiciary of the State ?
The Court are of opinion that their appellate jurisdiction extends to the adjudication of the law in final decisions and judgments in civil actions above the value of three hundred dollars. It is impossible now to pronounce what shall be considered a final decision—each case must depend upon its own circumstances. We are also of opinion that no re-examination of facts in this Court was contemplated by the Legislature, and Consequently that this motion be. overruled.